COLLETT, C. J.
The depositions were taken in December, 1830, and recorded in February, 1831, on the sixtieth day from that of the taking. The act requires depositions taken under it relating to land, to be recorded in the office for recording deeds, in the county where the land lies, within sixty days. The recording in this case, was on the sixtieth day, and of course -within sixty days, or before sixty days were completed.
2. The law requires the two judges taking the depositions, to cause every person whom they know to be interested or affected by the depositions, to be notified, if within the county, and if without, that the notice, under like circumstances, should be given to the attorney, if there be any. The judges certify that they did not *528 know any person interested, nor their attorney, jn the county. That is prima facie sufficient, and no effort is made to show it untrue in fact. It is, however, claimed, that the attorney of record in the ejectment suit in Clermont county, should have been notified. The law does not require such notice, if those interested are out of 514] *the county where the depositions are taken, or unknown. The reading of these depositions is provided for, and if the law has been substantially complied with, however impolitic we may deem it, we cannot disregard it.
3. That Lytle was the agent who made the contract, does not, as is supposed, disqualify him from testifying. From necessity agents are admitted — they may stand indifferent between the parties, liable to either, according to circumstances.
4. The omission to record the papers referred to, only vitiates so much of the deposition as refers to the documents, — the documents themselves may be introduced as independent evidence, as if no ■effort had been made to prove them.
Decree for the complainant.